UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ERNESTO VALDEZ, JR.,**<br>Individually and on behalf of all others similarly situated,<br>   *Plaintiff*,<br><br>v.<br><br>**ROSA'S CAFÉ & TORTILLA FACTORY, LTD.,**<br>   *Defendant*. | § § § § § § § § § § § § § | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Ernesto Valdez, Jr. brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Rosa's Cafe & Tortilla Factory, Ltd. (hereinafter "Defendant" or "Rosa's Cafe"), anywhere in the United States, at any time during the last three years through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### I.
### OVERVIEW

1.   This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Rosa's Cafe in its restaurants, anywhere in the United States, at any time during the last three years through the final disposition of this matter, and who were paid a salary but did not receive overtime compensation for all hours worked over forty (40) per workweek in violation of federal law.

3. Although Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Rosa's Cafe not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

5. Rosa's Cafe knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or applicable state laws.

7. Rosa's Cafe knowingly and deliberately misclassified Plaintiff and the Putative Class Members as exempt employees not entitled to overtime compensation.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff Valdez prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Ernesto Valdez, Jr. ("Valdez") was employed by Rosa's Cafe as an Assistant Manager during the relevant time period. Throughout his employment with Rosa's Cafe, he was paid a salary with no overtime compensation even though he is not exempt and regularly worked in excess of forty (40) hours each week.[1]

11. The FLSA Putative Class Members are those current and former Assistant Managers, or comparable positions but different titles, who were employed by Rosa's Cafe, anywhere in the United States, at any time from November 23, 2018, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Valdez worked and was paid.

12. Defendant Rosa's Cafe & Tortilla Factory, Ltd. ("Rosa's Cafe"), is a domestic limited partnership, organized under the laws of the State of Texas, and may be served with process through its registered agent for service of process: **Bobby D Cox, 5000 Overton Plaza, Ste 300, Fort Worth, Texas 76109.**

## III.
## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14. This Court has personal jurisdiction over Rosa's Cafe because the cause of action arose within this District and Division as a result of Rosa's Cafe's conduct within this District and Division.

15. Venue is proper in the Northern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

---

[1] The written consent of Ernesto Valdez, Jr. is hereby attached as Exhibit "A."

16. Specifically, Rosa's Cafe's corporate headquarters are located in Fort Worth, Texas, which is located within this District and Division.

17. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

18. Rosa's Cafe is "an upscale, fast-casual restaurant concept" with more than 45 company-owned restaurants located throughout Texas, New Mexico and California.[2]

19. Plaintiff Valdez has been employed as an Assistant Manager at Rosa's Cafe since approximately May 2020.

20. Pursuant to a centralized, company-wide policy, pattern and/or practice, Plaintiff and the Putative Class Members were (and continue to be) misclassified by Rosa's Cafe as exempt from receiving overtime under the FLSA.

21. Plaintiff and the Putative Class Members were (and continue to be) paid a salary and no overtime compensation even though they regularly worked in excess of forty (40) hours in a week.

22. Although they were to be paid a salary, when Plaintiff and the Putative Class Members were late to work, had to leave early, or missed a day of work, their bi-weekly salary was reduced accordingly.

23. Throughout the relevant time period, Plaintiff and the Putative Class Members were not exempt from the FLSA under any recognized exemption.

24. Plaintiff and the Putative Class Members did not exercise independent discretion and/or judgment on matters of significance on behalf of Rosa's Cafe.

25. Plaintiff and the Putative Class Members did not have authority to formulate, affect, interpret, or implement management policies or operating practices of Rosa's Cafe.

---

[2] https://www.rosascafe.com/about.html.

26. Plaintiff and the Putative Class Members did not have the primary duty of performing office or non-manual work directly related to the management or general business operations of Rosa's Cafe.

27. Plaintiff and the Putative Class Members did not customarily and regularly direct the work of two or more other full-time employees or their equivalent.

28. Indeed, Plaintiff and the Putative Class Members did not control or have authority over other employees' (or their own) work schedules, rates of compensation, or changes of employment status.

29. Plaintiff and the Putative Class Members did not have the authority to hire or fire other employees and their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

30. Plaintiff and the Putative Class Members did not utilize any special skills or training in the course of their work for Rosa's Cafe.

31. Plaintiff and the Putative Class Members did not possess a specialized degree or certification that they utilized in the course of their work for Rosa's Cafe.

32. The primary job duties of Plaintiff and the Putative Class Members did not materially differ from the duties of Rosa's Cafe's non-exempt hourly paid employees, which included many duties that were manual and non-exempt in nature.

33. The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's and the Putative Class Members' working hours.

34. Plaintiff and the Putative Class Members' daily job duties consisted of opening and closing the restaurant, cooking and/or preparing food and drinks, cleaning, customer service, reporting to the restaurant's General Manager, and generally assisting the restaurant's General Manager.

35. Specifically, Plaintiff Valdez's primary job duties consisted of working in the kitchen, including prepping food on the kitchen line, cooking food, and ensuring food orders were fulfilled according to Rosa's Cafe's specific standards.

36. Additionally, Plaintiff Valdez was expected to cover duties in areas where the restaurant may be understaffed, such as washing dishes, bussing tables, handling Defendant's customers' payments at the indoor cash register, and handling Defendant's customers' orders at the drive-thru window.

37. Plaintiff and the Putative Class Members were not exempt from the overtime requirements of the FLSA by reason of any FLSA exemption.

38. Upon information and belief, Defendant did not perform a person-by-person analysis of the job duties of Plaintiff and the Putative Class Members when making the decision to uniformly classify them as exempt from the overtime protections of the FLSA.

39. Additionally, despite Rosa's Cafe's misclassification of Plaintiff and the Putative Class Members as salaried employees exempt from overtime under the FLSA, Plaintiff and the Putative Class Members were (and still are) not paid on a true "salary basis."

40. Rosa's Cafe impermissibly reduced (and continues to reduce) Plaintiff and the Putative Class Members' pay based on the actual number of hours worked in a single workweek.

41. Specifically, Plaintiff and the Putative Class Members were (and continue to be) subject to "salary" reductions for any and all tardies and/or absences amounting to less than one or more full days.

42. Indeed, Plaintiff and the Putative Class Members' paychecks fluctuated depending on the actual number of hours worked—their pay was (and is) reduced to an hourly rate for hours missed.

43. Additionally, Plaintiff Valdez was regularly informed by the Rosa's Cafe's General Manager that Plaintiff's pay would be "docked" for all hours missed.

44. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

45. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

46. Rosa's Cafe denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

47. Because Rosa's Cafe did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Rosa's Cafe's pay policies and practices violate the FLSA.

## V.
## CAUSE OF ACTION
### (Collective Action Alleging FLSA Violations)

**A.   FLSA COVERAGE**

48. All previous paragraphs are incorporated as though fully set forth herein.

49. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER ASSISTANT MANAGERS WHO WERE EMPLOYED BY ROSA'S CAFE & TORTILLA FACTORY, LTD., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM NOVEMBER 23, 2018, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

50. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

51. At all times hereinafter mentioned, Rosa's Cafe has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

52. At all times hereinafter mentioned, Rosa's Cafe has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the

production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

53. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Rosa's Cafe, these individuals have provided services for Rosa's Cafe that involved interstate commerce for purposes of the FLSA.

54. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

55. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Rosa's Cafe who assisted Rosa's Cafe's customers throughout the United States. 29 U.S.C. § 203(j).

56. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

57. The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 49.

58. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Rosa's Cafe.

B. **FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

59. Rosa's Cafe has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

60. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Rosa's Cafe's acts or omissions as described herein; though Rosa's Cafe is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

61. Moreover, Rosa's Cafe knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

62. Rosa's Cafe knew or should have known its pay practices were in violation of the FLSA.

63. Rosa's Cafe is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

64. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Rosa's Cafe to pay overtime according to the law.

65. The decision and practice by Rosa's Cafe to not pay overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

66. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.  COLLECTIVE ACTION ALLEGATIONS**

67. All previous paragraphs are incorporated as though fully set forth herein.

68. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Rosa's Cafe's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

69. Other similarly situated employees of Rosa's Cafe have been victimized by Rosa's Cafe's patterns, practices, and policies, which are in willful violation of the FLSA.

70. The FLSA Collective Members are defined in Paragraph 49.

71. Rosa's Cafe's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of Rosa's Cafe and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

72. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

73. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

74. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid overtime for all hours worked in excess of forty (40) hours per workweek.

75. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

76. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Rosa's Cafe will retain the proceeds of its violations.

77. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

78. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 49 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

79. Plaintiff respectfully prays for judgment against Rosa's Cafe as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 49 and requiring Rosa's Cafe to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding Rosa's Cafe liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d. For an Order awarding costs and expenses of this action;

    e. For an Order awarding attorneys' fees;

    f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g. For an Order awarding Plaintiff Valdez a service award as permitted by law;

    h. For an Order compelling the accounting of the books and records of Rosa's Cafe, at Rosa's Cafe's own expense; and

    i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: November 23, 2021    Respectfully submitted,

        **ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*
   **Clif Alexander**
   Texas Bar No. 24064805
   clif@a2xlaw.com
   **Austin W. Anderson**
   Texas Bar No. 24045189
   austin@a2xlaw.com
   819 N. Upper Broadway
   Corpus Christi, Texas 78401
   Telephone: (361) 452-1279
   Facsimile: (361) 452-1284

        **FORESTER HAYNIE, PLLC**

By: */s/ Jay Forester*
   J. Forester
   Texas Bar No. 24087532
   400 North Saint Paul Street, Suite 700
   Dallas, Texas 75201
   Telephone: (214) 210-2100
   jay@foresterhaynie.com

   ***Attorneys in Charge for Plaintiff and the Putative Class Members***